Filed 11/14/24  P. v. Maldonado CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C100106 |
| Plaintiff and Respondent, | (Super. Ct. No. MAN-CR-FDV-2019-0016986) |
| v. | |
| ANGEL MALDONADO, | |
| Defendant and Appellant. | |

Defendant Angel Maldonado appeals the trial court's denial of his petition for resentencing under Penal Code section 1172.6.[1]  Appellate counsel filed a brief raising no arguable issues and requesting that this court independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Maldonado filed a supplemental brief asking us to review the entire case and to provide relief based on new laws, due process, and principles of equal protection.  We affirm.

---

[1]  Undesignated statutory references are to the Penal Code.

1

## BACKGROUND

In December 2019, Maldonado assaulted the victim with a knife while they were in a domestic relationship. The amended complaint charged Maldonado with attempted murder (§§ 187, subd. (a), 664) with enhancements for personal use of a weapon (a knife) and personally inflicting great bodily injury under circumstances involving domestic violence (§§ 12022, subd. (b)(1), 12022.7, subd. (e)); assault with a deadly weapon (§ 245, subd. (a)(1)) with an enhancement for personally inflicting great bodily injury under circumstances involving domestic violence (§ 12022.7, subd. (e)); making criminal threats (§ 422, subd. (a)); and inflicting corporal injury on a spouse, cohabitant, or parent of a child (§ 273.5, subd. (a)) with an enhancement for personally inflicting great bodily injury under circumstances involving domestic violence (§ 12022.7, subd. (e)).

Maldonado pleaded no contest to assault with a deadly weapon (§ 245, subd. (a)(1)) and admitted that he personally inflicted great bodily injury under circumstances involving domestic violence (§ 12022.7, subd. (e)). The trial court sentenced him to the upper term of four years for the assault conviction and an additional five years for the great bodily injury enhancement.

In November 2023, Maldonado petitioned for resentencing under section 1172.6. The trial court summarily denied the petition, concluding that he failed to establish a prima facie case for relief. He timely appealed.

## DISCUSSION

Appellate counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232; *Wende*, *supra*, 25 Cal.3d 436.) Maldonado was advised by counsel and this court of his right to file a supplemental brief within 30 days from the date the opening brief was filed. He filed a supplemental brief.

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which

2

raises no specific issues or describes the appeal as frivolous." (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid.*)

In *Delgadillo*, our Supreme Court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded it is not required. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222.) The Supreme Court laid out applicable procedures for such cases, explaining that when a defendant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id*. at p. 232.) The filing of a supplemental brief does not compel the court to conduct an "independent review of the entire record to identify unraised issues," although it may exercise its discretion to do so. (*Ibid.*)

Maldonado's supplemental brief identifies no specific error by the trial court but broadly asks for relief "pursuant to due process" and "new laws and equal protection." To the extent he seeks to assert a constitutional claim, his brief provides no argument or explanation that would allow us to evaluate his contention. (*People v. Freeman* (1994) 8 Cal.4th 450, 482, fn. 2 ["To the extent defendant perfunctorily asserts other claims, without development . . . they are not properly made" and may be "rejected on that basis"].)

Maldonado also cites section 1385, Senate Bill No. 483 (2021-2022 Reg. Sess.), and Assembly Bill No. 600 (2023-2024 Reg. Sess.). His supplemental brief fails to provide any argument to support claims under these provisions, and his assertions may therefore be rejected on that basis alone. (*People v. Freeman*, *supra*, 8 Cal.4th at p. 482, fn. 2.) In any event, any argument under these statutes would not be cognizable in this appeal from the trial court's denial of Maldonado's petition for resentencing under section 1172.6 at the prima facie stage. Section 1172.6 extends the benefit of the

3

Legislature's revisions to state murder law to previously sentenced defendants. It does not permit defendants to seek relief on other claims of trial error, including challenges to enhancements pursuant to section 1385 or Senate Bill No. 483. (§ 1172.6, subd. (a); *People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) This case also does not involve a recall and resentencing under section 1172.1, which Assembly Bill No. 600 amended. (Stats. 2023, ch. 446, § 2.)

Finally, Maldonado asks us to "review the entire case." We interpret this statement as a challenge to the trial court's denial of his resentencing petition. We perceive no error in the trial court's conclusion that Maldonado is ineligible for relief under section 1172.6. He is not entitled to resentencing under that provision because he was not convicted of a qualifying offense. (§ 1172.6, subd. (a) [authorizing petitions by a "person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter"].)

## DISPOSITION

The order denying Maldonado's section 1172.6 petition is affirmed.

/s/
FEINBERG, J.

We concur:


/s/
HULL, Acting P. J.


/s/
MAURO, J.

4